CUMMINGS ET AL. *v.* TELL CITY BREWING COMPANY.

[No. 3,436.   Filed April 24, 1901.]

BONDS.—*Action.—Complaint.*—A judgment against the sureties on a bond will be reversed, where it is shown by the averments of the complaint that the principal was not in default.

From the Perry Circuit Court. *Reversed.*

*S. H. Esarey, J. W. Ewing* and *A. J. Clark,* for appellants.

*Lindsey & Zoercher,* for appellee.

COMSTOCK, J.—Appellee sued Joseph F. Adkins, William C. Conway, and Eugene F. Cummings on a contract for employment by appellee of John F. Adkins as its agent, and Cummings and Conway, his bondsmen, to secure its performance. Judgment was rendered against appellee in favor of the agent and in favor of appellee against the bondsmen for $92.03. Cummings alone appeals. The action of the trial court in overruling appellant's demurrer to the complaint is the first question presented by this appeal. Numerous other alleged errors are properly presented and discussed.

The contract between Adkins and the Brewing Company, and the bond, which was executed by Cummings and Conway only, are made parts of the complaint by exhibits. The contract stipulates that Adkins is to act as agent for appellee in the sale and delivery of beer, with authority to make collections for beer delivered by him; to make settlement with the Brewing Company on Tuesday of each week, and to deliver to said company all money so collected by him.

The condition of the bond is "that, whereas, the said Joseph F. Adkins of Cannelton, Indiana, has this day entered into a contract with the Tell City Brewing Company of Tell City, Indiana, to act as their agent at Cannelton, Indiana, with authority to collect for beer delivered by him, said Joseph F. Adkins to make settlement with the said Tell City Brewing Company on Tuesday of each week during the life of said contract and to deliver to said company all money so collected by him." The breach of the bond charged is the failure to pay to his principal the money collected by him.

It is alleged in the complaint that the total sales for the year 1898 during the lifetime of the contract amounted to $834.37; that he collected the above sum; that he paid over and accounted with appellee for $1,089.34; that there is due from said Adkins the balance of said money as collected, to wit, $745.03, which he has failed and refused to pay. It does not appear from these averments that the principal is in default. The judgment in his favor for costs shows that he was not. It is manifest from the record that either the complaint or the transcript incorrectly states the averments, but the figures as above stated appear in the record.

Counsel for appellant contend that the bond in suit is one of guaranty; for appellee, that it is one of surety; but in either view, the appellant would be liable only upon the default of his principal. It follows that the judgment against appellant was contrary to law. The consideration of other specifications in the assignment of errors is unnecessary.

The judgment is reversed, with instructions to sustain the demurrer to the complaint.